CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 14 2017

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:15CR00010-01 |
| | ) | (Civil Action No. 7:17CV81234) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DWAYNE D. BAILEY, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Senior United States District Judge |

Dwayne D. Bailey, a federal inmate proceeding pro se, has moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, to which Bailey has responded, making the matter ripe for consideration. For the reasons that follow, the government's motion to dismiss will be granted and Bailey's motion to vacate will be denied.

## Background

Bailey was indicted by a federal grand jury in the Western District of Virginia on February 19, 2015. Count One of the indictment charged him with distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). Bailey entered a plea of guilty to that count on September 17, 2015. Under the terms of the written plea agreement, Bailey acknowledged that he may be sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines, "if the Court determines [that he has] at least two prior convictions for felony drug offenses and/or crimes of violence." Plea Agreement 3, Docket No. 24.

In preparation for sentencing, a probation officer prepared a presentence investigation report ("PSR") that designated Bailey as a career offender. The designation was based on a prior

felony conviction in the Circuit Court for the County of Roanoke for possession with intent to distribute cocaine, a prior felony conviction in the Circuit Court for the City of Salem for distribution of cocaine, and a prior felony conviction in this court for distribution of more than five grams of cocaine base. As a career offender, Bailey was subject to an advisory Guidelines range of imprisonment of 151 to 188 months. Defense counsel did not file any objections to the PSR.

Bailey appeared for sentencing on May 6, 2016. At that time, the court adopted the PSR and accepted the plea agreement. The court also granted a substantial assistance motion filed by the government. After considering the factors set forth in 18 U.S.C. § 3553(a), the court departed from the career offender range and imposed a term of imprisonment of 75 months. The criminal judgment was entered on May 9, 2016. Bailey did not appeal his conviction or sentence.

On March 9, 2017, Bailey moved to vacate his sentence under 28 U.S.C. § 2255. Relying on the United States Supreme Court's decision in <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013), Bailey argues that his attorney was ineffective in failing to object to the career offender designation at sentencing.

On May 8, 2017, the government moved to dismiss Bailey's § 2255 motion. Bailey filed a response to the government's motion on June 1, 2017. The matter is now ripe for review.

## Discussion

Section 2255 sets forth four grounds on which a prisoner in federal custody may collaterally attack his sentence: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3)

2

"the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Bailey has moved to vacate his sentence on the basis that defense counsel's failure to object to the career offender designation violated his Sixth Amendment right to effective assistance of counsel. Claims of ineffective assistance are reviewed under the standard enunciated by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). "Under Strickland, a movant seeking collateral relief from his conviction or sentence through an ineffective assistance claim must show (1) that his counsel's performance was deficient and (2) that the deficiency prejudiced his defense." United States v. Basham, 789 F.3d 358, 371 (4th Cir. 2015) (citing Strickland, 466 U.S. at 687).

To demonstrate deficient performance under Strickland, the movant must "show that counsel's representation fell below an objective standard of reasonableness" measured by "prevailing professional norms." 466 U.S. at 688. In assessing whether counsel's actions were unconstitutionally deficient, the court "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Id. "The Strickland standard is difficult to satisfy, in that the 'Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.'" Basham, 789 F.3d at 371 (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003)); see also Strickland, 466 U.S. at 689 (emphasizing that a "fair assessment of attorney performance requires that every effort be made to eliminate

the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time").

The prejudice prong of the Strickland test inquires into whether the alleged error by counsel affected the judgment. See 466 U.S. at 691. The movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

The instant claim of ineffective assistance rests on the assertion that Bailey was improperly designated as a career offender. Bailey contends that his prior Virginia convictions do not qualify as controlled substance offenses under the career offender provisions of the Sentencing Guidelines, and that counsel was ineffective in failing to challenge the career offender designation on that ground. For the following reasons, the court concludes that Bailey's claim does not satisfy Strickland's stringent requirements.

Pursuant to § 4B1.1 of the Sentencing Guidelines, a defendant qualifies as a career offender if, among other requirements, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The term "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

In this case, it is undisputed that Bailey had prior felony convictions for distribution of cocaine and possession with intent to distribute cocaine, in violation of Virginia Code § 18.2-248,* as well as a prior felony conviction for distribution of cocaine base, in violation of 21 U.S.C. § 841. Bailey does not dispute that his prior conviction under federal law qualifies as a controlled substance offense for purposes of the career offender provisions. Instead, Bailey argues that Virginia's definition of "distribute" encompasses "a broader swath of conduct" than the generic federal definition. Descamps v. United States, 133 S. Ct. 2276, 2281 (2013). For instance, Bailey contends that "sharing drugs with a friend is distribution in Virginia," whereas the federal definition does not include such conduct. Br. in Supp. of Def.'s § 2255 Mot. 14. Accordingly, Bailey claims that his attorney should have objected to the career offender designation based on Descamps.

In Descamps, the Supreme Court clarified the proper application of the categorical and modified categorical approaches to determining whether a prior conviction qualifies as a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). See 133 S. Ct. at 2283-86. In applying the categorical approach, a sentencing court may "'look only to the statutory definitions'— i.e., the elements— of a defendant's prior offenses, and not 'to the particular facts underlying those convictions.'" Id. at 2283 (quoting Taylor v. United States, 495 U.S. 575, 600 (1990)). Under this approach, a prior conviction will qualify as an ACCA predicate only if the elements of the crime of conviction are the same as, or narrower than, those

---

* Section 18.2-248 makes it "unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give, or distribute a controlled substance or an imitation controlled substance." Va. Code § 18.2-248(a). Any person who violates this section with respect to a Schedule I or II controlled substance, such as cocaine, "shall upon conviction be imprisoned for not less than five nor more than 40 years." Id. § 18.2-248(c); see also Va. Code § 54.1-3448 (listing cocaine as a Schedule II controlled substance).

of the "'generic ACCA crime.'" Id. Descamps further clarified that when a statute is "divisible," in that it "comprises multiple, alternative versions of the crime," the court may apply a "modified categorical approach" and consult certain approved documents "to determine which alternative formed the basis of the defendant's prior conviction." Id. at 2281, 2284. The decision made clear that the "job" of the modified approach is "to identify, from among several alternatives, the crime of conviction so that the court can compare it to the generic offense." Id. at 2285.

The court finds Bailey's reliance on Descamps unpersuasive. To the extent Bailey faults his attorney for failing to argue that Virginia's definition of "distribute" is broader than the generic federal definition, Bailey is unable to meet either prong of the Strickland test. Under Virginia law, "distribute" means "to deliver other than by administering or dispensing a controlled substance." Va. Code § 54.1-3401. The term "deliver" or "delivery" is defined as "the actual, constructive, or attempted transfer of any item regulated by this chapter, whether or not there exists an agency relationship." Id. The United States Code contains nearly identical definitions of these terms. "[D]istribute means to deliver (other than by administering or dispensing) a controlled substance or a listed chemical." 21 U.S.C. § 802(11). "[D]eliver . . . mean[s] the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship." Id. § 802(8).

Based on the plain language of the federal definitions, appellate courts, including the United States Court of Appeals for the Fourth Circuit, have held that "[s]haring drugs with another constitutes 'distribution'" under the Controlled Substances Act, even if no sale or commercial scheme is involved. United States v. Washington, 41 F.3d 917, 919 (4th Cir. 1994);

see also id. (holding that the defendant's admission that he "intended to share the cocaine in his possession with his friends" was "enough to demonstrate that he possessed the cocaine 'with intent to distribute'"); United States v. Cormier, 468 F.3d 63, 70 n.3 (1st Cir. 2006) (observing that "[i]t is well accepted that drugs may be distributed by giving them away for free; 21 U.S.C. § 841(a)(1) imposes no requirement that a sale take place."). Likewise, courts have noted that the plain language of the Guidelines' definition of "controlled substance offense" "illustrates that remuneration is not required." United States v. Gilmore, 631 F. App'x 711, 713 (11th Cir. 2015). Thus, the state law definition of "distribute" is not broader than the generic federal definition, and counsel did not provide ineffective assistance by failing to argue to the contrary.

Moreover, courts have consistently held, since Descamps was decided, that prior convictions under Virginia law for distribution and possession with intent to distribute cocaine are controlled substance offenses for purposes of the career offender enhancement. See Long v. United States, No. 2:17CV219, 2017 U.S. Dist. LEXIS 176434, at *9 (E.D. Va. Oct. 23, 2017) (holding that the Virginia offense of possession with intent to distribute cocaine "matches the definition of a controlled substance offense under U.S.S.G. § 4B1.2(b)," and that the petitioner's "receipt of the career offender enhancement was therefore lawful"); United States v. Jones, No. 3:13CR13, 2016 U.S. Dist. LEXIS 164672, at *9 (E.D. Va. Nov. 29, 2016) (concluding that the defendant's prior convictions under Virginia Code § 18.2-248 for possession with intent to distribute cocaine were "properly counted . . . as predicate offenses for purposes of the career offender determination"); United States v. Brown, No. 5:13CR00030-5, 2016 U.S. Dist. LEXIS 125661, at *26 n.2 (W.D. Va. Sept. 14, 2016) (Urbanski, J.) (noting that the defendant was properly designated as a career offender based on prior convictions for possession and

7

distribution of cocaine, in violation of Virginia Code § 18.2-248); Montgomery v. United States, No. 2:14-cv-16267, 2015 U.S. Dist. LEXIS 187430, at * 15 (S.D. W. Va. Oct. 20, 2015) (holding that the defendant's prior Virginia conviction for felony possession of a schedule II controlled substance with intent to distribute "meets the definition of a 'controlled substance offense' under the Guidelines' career offender provision"). Accordingly, counsel's failure to object to the enhancement in Bailey's case cannot be characterized as objectively unreasonable or prejudicial.

Finally, to the extent Bailey's motion could be construed as asserting a direct challenge to the application of the career offender enhancement, such claim is not cognizable under § 2255. The Fourth Circuit has made clear that "misapplication of the sentencing guidelines does not amount to a miscarriage of justice," United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999), and thus is not a viable basis for collateral relief. See United States v. Foote, 784 F.3d at 931, 940 (4th Cir. 2015) (holding that the defendant's claim that he was erroneously designated as a career offender under the Sentencing Guidelines was not cognizable on collateral review, since the alleged error "was not a fundamental defect that inherently results in a complete miscarriage of justice"); see also United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999) (explaining that "while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines").

## Conclusion

For the reasons stated, the court concludes that Bailey is not entitled to relief under § 2255. Consequently, the court will grant the government's motion to dismiss and deny Bailey's motion. Additionally, because Bailey has failed to make a substantial showing of the

8

denial of a constitutional right, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 14th day of December, 2017.

_____
Senior United States District Judge